```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/19/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   LUIS ANDERSON, et al.,

                          Plaintiffs,

              -v-

   RIVER GREENE CONSTRUCTION GROUP, LLC,

                          Defendant.
------------------------------------------------------------------X

16-CV-3684 (JMF)

MEMORANDUM
OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

      In this case, two Plaintiffs — Louis Alvarez and Louis Anderson — bring claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* On June 20, 2017, the parties filed their pre-trial materials, including their proposed Joint Pretrial Order. (Docket No. 88). Per the Case Management Plan and Scheduling Order, they were advised to be ready for trial two weeks after the Joint Pretrial Order was filed. (Docket No. 48). However, on July 6, 2017, before the Court scheduled a trial date, Plaintiffs' counsel reported that the parties had "made significant headway with respect to a potential settlement involving Plaintiff Louis Alvarez" and thus asked the Court to "refrain from making orders or ruling" on any matters until July 13, 2017. (Docket No. 95). The letter advised that counsel would be filing a motion to withdraw as counsel to Anderson, citing Anderson's failure to respond to "phone calls and letters" from counsel. (*Id.*).

      The Court accepted the parties' invitation and did refrain from taking any actions on the case to allow time for settlement negotiations. (Docket No. 98). On July 14, 2017, Plaintiffs' counsel filed a letter advising that the parties had reached a settlement in principal with respect to Alvarez and that the parties would "shortly be providing" the Court "with a proposed settlement

agreement." (Docket No. 107). (By Order entered on July 18, 2017, the Court directed the parties to submit the agreement no later than July 31, 2017, along with an explanation why the settlement should be approved. (Docket No. 110).) Also on July 17, 2017, Plaintiffs' counsel filed a formal motion seeking to withdraw as Anderson's counsel, citing the fact that "Anderson has ceased responding to Plaintiffs' counsel's phone calls and letters." (Docket No. 108 ("Withdrawal Mem."), at 1). Counsel acknowledged that Anderson would "be prejudiced" if the motion to withdraw were granted because the parties "have concluded discovery and seemingly the next step is trial," but opined that that was "his own doing. He was put on notice (in writing) . . . that if he did not respond, the next step" would be for counsel to seek to withdraw. "Once again, though, Plaintiff Anderson went dark." (*Id.*).

Local Civil Rule 1.4 provides that an attorney who has appeared as attorney of record for a party may be relieved only by order of the Court, and that such an order "may be granted *only* upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." Local Civ. R. 1.4 (emphasis added). When considering whether to grant a motion to withdraw, therefore, a court must analyze "two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011). "Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion." *Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) (collecting Second Circuit cases); *see Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (holding that, absent a basis for mandatory withdrawal, "a district court has wide latitude to deny a counsel's motion to withdraw, as here, on the eve of trial"); *Malarkey v. Texaco, Inc.*, No. 81-CV-5224 (CSH), 1989 WL 88709, at *2

(S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw where the case was "on the verge of trial readiness"); *cf. Blue Angel Films*, 2011 WL 672245, at *2 (granting a motion to withdraw where the case was "not on the verge of being tried" and "[h]olding counsel" would "do nothing to speed the litigation").

Applying these standards here, counsel's motion is easily DENIED.  Although counsel may well have "satisfactory reasons" for withdrawal, *see, e.g.*, *Blue Angel Films*, 2011 WL 672245, at *1-2, that is a necessary, but not sufficient, basis for withdrawal.  A court must "*also* consider whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Id.* at *2 (emphasis added) (brackets and internal quotation marks omitted).  Here, granting counsel's motion would plainly "disrupt and delay" the proceedings, as the case is ready for trial. *Id.*  It is true, as counsel notes, that "no trial date has been set." (Withdrawal Mem. 4). But that is only because the Court refrained from taking any action on the case, at the parties' request, to facilitate settlement of Alvarez's claims.  Absent withdrawal of counsel, the Court would be prepared to try Anderson's claims in the next few weeks.  By contrast, if the Court were to grant counsel's motion to withdraw, the result would be delay, either to allow Anderson time to find new counsel (or prepare to proceed *pro se*) or (more likely) to give Anderson an opportunity, after appropriate warnings, to make clear that he has not abandoned his claims before dismissing them for want of proof or lack of prosecution.

It may well be that "Plaintiff Anderson has demonstrated that he no longer cares about this case." (*Id.*).  But if that is true, then there is no reason to delay the inevitable — namely, dismissal for lack of prosecution or for abandonment — by granting counsel's motion to withdraw and then waiting to see if Anderson appears *pro se* or retains new counsel.  *See, e.g.*, *Alomar v. FNU Recard*, No. 07–CV–5654, 2010 WL 451047 (CS) (PED), at * 2 (S.D.N.Y. Feb.

9, 2010) ("It is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will [ ]appear in the future." (quoting *Davison v. Grillo*, No. 05-CV-4960 (NG) (LB), 2006 WL 2228999, at * 2 (E.D.N.Y. Aug. 3, 2006)).  (Moreover, the Court is confident that counsel is in a better position than the Court to take steps to track Anderson down and ensure that he understands the consequences of not appearing for trial.  If the Court granted counsel's motion to withdraw, it would be left to the Court, with more limited options at its disposal, to communicate with Anderson.)  To that end, counsel **and Anderson** shall appear for the beginning of trial on **August 3, 2017, at 3:00 p.m.**  If Anderson appears, he will be subject to cross-examination (having already submitted his direct testimony by affidavit), and the Court will discuss with counsel the schedule for the remainder of trial and other trial-related issues.  **If Anderson does not appear, his direct testimony will be stricken and the Court will dismiss his case for want of proof and/or lack of prosecution.**  In either case, no later than **August 1, 2017**, Plaintiffs' counsel shall file letter updating the Court about Anderson's situation; in the event he has not made contact with Anderson by that date, counsel shall also file an affidavit detailing, **with specificity**, his efforts to get in touch with Anderson since March 31, 2017.

        Accordingly, Plaintiffs' counsel's motion to withdraw is DENIED.  **Plaintiffs' counsel is ORDERED to serve a copy of this Memorandum Opinion and Order on Anderson** and to include details of that service in the affidavit to be filed by August 1, 2017, in the event that he has not made contact with Anderson by that date.

        The Clerk of Court is directed to terminate Docket Nos. 94 and 109.

        SO ORDERED.

Dated: July 19, 2017  
      New York, New York

JESSE M. FURMAN  
United States District Judge