```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/14/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   LUIS ANDERSON, et al.,

                               Plaintiffs,

           -v-

   RIVER GREENE CONSTRUCTION GROUP, LLC,

                               Defendant.
------------------------------------------------------------------X

16-CV-3684 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

By letter dated August 3, 2017, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and provisions of the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, advised the Court that they had agreed to a settlement in principle. (Docket No. 115). By Order entered on the same day, the Court directed the parties to submit the settlement agreement with respect to Plaintiffs' FLSA claims along with a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). On August 10, 2017, the parties did so, submitting the settlement agreement and a letter requesting the Court's approval. (Docket Nos. 120 ("Pls.' Ltr.") & 120-1 ("Agmt.")).

The Court, having reviewed the letter and agreement, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' claim as well as the risk and expenses involved in the litigation. *See id.* Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as

relevant when the plaintiffs no longer work for the defendant, as is the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").

In addition, the Court sees no basis to reduce the proposed attorney's fees where, as here, it is below the percentages commonly approved in this District, there are no opt-in plaintiffs, and the attorney's fee award is based on an agreement between Plaintiffs and counsel.  (*See* Pls.' Ltr. 2, 4 (noting that the attorney's fees here amounts to twenty-one percent of the total recovery, less than the one-third recovery fee agreed to in the retainer agreement)).  *See, e.g.*, *Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *3 (E.D.N.Y. June 13, 2013) (noting that "[f]ees of 30 to 33⅓ percent are not uncommon in this Circuit" and collecting cases); *cf. Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 277 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation.").

The Court notes, however, that one provision of the proposed agreement is problematic. Paragraph 19 states: "It is expressly understood between the parties that the Honorable Judge Jesse M. Furman, United States District Judge for Southern District of New York, will not retain

jurisdiction as to the enforcement of this Agreement.  The parties consent to bring any dispute concerning this Agreement before a Magistrate Judge in the Southern District of New York.  (Agmt. ¶ 19).  That is not the parties' decision to make.  Unless and until the Court orders otherwise (for example, by referring the matter to the assigned Magistrate Judge or so ordering the parties' consent to proceed before the assigned Magistrate Judge for all purposes), this Court retains jurisdiction to oversee enforcement of the settlement agreement.

Finally, by separate Order to be issued today, Plaintiffs' counsel will be directed to show cause why sanctions should not be imposed in light of his conduct in this case — and the Court retains jurisdiction to decide that issue as well.

For the reasons explained above, the Court approves the settlement, except for Paragraph 19, and dismisses the case with prejudice subject to the right of any party to move to reopen the case within 45 days if the settlement is not consummated.  Any such motion must be filed within 45 days of the date of this Order and will be denied if filed thereafter.

The Clerk of Court is directed to close this case.  All pending motions are moot.  All scheduled conferences are vacated.

SO ORDERED.

Dated: August 14, 2017
      New York, New York

                                      JESSE M. FURMAN
                                      United States District Judge